**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
kjacobson@quillarrowlaw.com
Joshua Kohanoff, Esq. (SBN 346192)
jkohanoff@quillarrowlaw.com
e-service@quillarrowlaw.com
10880 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
Telephone: (310) 933-4271
Facsimile: (310) 889-0645

Attorney for Plaintiff,

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS F. AMARAL RANGEL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-02827-MRA-PD<br><br>*Assigned to the Hon. District Judge Monica Ramirez Almadani, Courtroom 10B.*<br><br>*Magistrate Judge Patricia Donahue in Courtroom Rm. 580*<br><br>**PLAINTIFF LUIS F. AMARAL RANGEL'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Declaration of Kevin Y. Jacobson with Exhibits Thereto and [Proposed] Order]<br>**HEARING**<br><br>Date: August 15, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10B<br><br>Lawsuit Filed: February 9, 2024 (State)<br>Date of Removal: April 8, 2024<br>Trial Date: Not set. |

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 15, 2024, at 1:30 p.m., in Courtroom *Rm. 10B* of the Central District Court of California, located at U.S. Courthouse, 350 W. First Street, Los Angeles, CA 90012, Plaintiff LUIS F. AMARAL RANGEL ("Plaintiff") will and hereby does move this Court for an Order remanding the above-entitled action back to the Superior Court of the State of California for the County of Los Angeles.

This motion is based upon the supporting Memorandum of Points and Authorities, the Declaration of Kevin Y. Jacobson, Esq. attached hereto, the papers and pleadings on file in this action, and upon such further matters that may be presented at the hearing.

Dated: May 8, 2024

Respectfully submitted,
**QUILL & ARROW, LLP**

*/s/Kevin Y. Jacobson*
Kevin Y. Jacobson, Esq.
Joshua Kohanoff, Esq.
Attorneys for Plaintiff,
**LUIS F. AMARAL RANGEL**



QUILL & ARROW • LLP
ATTORNEYS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL HISTORY

On or about February 9, 2024, Plaintiff LUIS F. AMARAL RANGEL ("Plaintiff"), filed this action in the Superior Court of California for the County of Los Angeles, against Defendant, JAGUAR LAND ROVER NORTH AMERICA, LLC ("Defendant"), alleging breach of implied and express warranties under the California Song-Beverly Consumer Warranty Act ("Song-Beverly" or "the Act"), arising out of their purchase of a Certified Pre-Owned 2019 Land Rover Range Rover Velar ("Subject Vehicle"). (Declaration of Kevin Y. Jacobson ("KJ Decl.") ¶ 4; Exhibit 1.)

At the outset, Plaintiff highlights to the court that Plaintiff's Motion to Remand ("Motion") is brought on the grounds that Defendant's untimely Notice of Removal is procedurally defective, and thus remand is mandated, pursuant to 28 U.S.C. §§ 1446 *et seq*., and 1447(c). Critically, Plaintiff contends that Defendant's allegations concerning Subject Matter Jurisdiction has been rendered moot by the untimely filing of its Notice of Removal. (KJ Decl. ¶ 5.)

### i. Procedural Posture Mandating Remand

On February 12, 2024, Plaintiff personally served a copy of the Complaint and Summons on Defendant. (KJ Decl. ¶ 6; Exhibit 2) On March 13, 2024, Defendant proceeded with filing its Answer in State Court, in lieu of removing the matter to federal jurisdiction. 28 U.S.C. § 1446(b)(1) ["Section 1446(b)(1)"] (removing party must remove action within ***30 days*** after service of summons or complaint). ECF No. 1; (KJ Decl. ¶ 7; Exhibit 3.)

On April 8, 2024, JLRNA filed its Notice of Removal with the Central District, relying on 28 U.S.C. §§ 1332 et seq., 1441 et seq., and 1446(b)(3) ("Section 1446(b)(3)"). However, JLRNA's Notice of Removal comes ***26 days after the thirty (30) day deadline*** for removal, as prescribed by 28 U.S.C. § 1446(b)(1). (KJ Decl. ¶ 8; Exhibit 4.)

This Court should not be misled by Defendant's specious application of Section



QUILL & ARROW • LLP ATTORNEYS AT LAW

1446(b) and alleging that Defendant's Notice of Removal was timely filed. The record clearly reflects that Defendant had sufficient information to plausibly allege satisfaction of the jurisdictional threshold, and overall removability of the action, during its statutory removal window. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("*Dart*") (the Supreme Court establishing that notice of removal merely requires ***plausible allegation*** that the Section 1332(a)'s jurisdictional threshold is met; ***evidentiary submissions concerning the amount in controversy are only required when either plaintiff, or the court, questions the propriety of removal***); *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("*Ibarra*") (the Ninth Circuit reverberating the appropriate standard established by the Supreme Court for removal concerning the jurisdictional threshold.). ***Emphasis added***.

Accordingly, pursuant to 28 U.S.C. § 1447(c), this Court is required to remand this matter to State Court where it rightfully belongs.

## II. STANDARD OF REVIEW

It is well-settled law that remand must be ordered for either a lack of subject matter jurisdiction, but more importantly with respect to this matter, for "any defect in removal procedure." *See Buchner v. FDIC*, 981 F. 2d 816, 820 (5th Cir. 1993); 28 U.S.C. § 1447 (c). A district court, "…***must*** act on a timely motion to remand based on a defect in removal procedure." *Id*. at 219. ***Emphasis added***. Additionally, the burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal to federal jurisdiction. *See Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); see also *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). In short, "…federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d, at 566.

If at any time before final judgment, it appears that a district court lacks subject matter jurisdiction, the court may remand the case to state court, either *sua sponte*, on the motion of a party. *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th

Cir.1992); *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir.1990).

With respect to the procedural requirements prescribed by 28 U.S.C § 1446 *et seq.*, "[a] defendant seeking removal must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal....' 28 U.S.C. § 1446(a). The Supreme Court recently held that 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions. *Dart*, 135 S.Ct.at 554. But '[e]vidence establishing the amount is required' where defendant's assertion of the amount in controversy is contested by plaintiffs. *Id*. 'In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.' *Id*. at 554." *Ibarra*, *supra*, at 1197 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).)

## III. <u>ARGUMENT</u>

### A. Conference Of Counsel Prior To Filing Plaintiff's Motion To Remand Pursuant To Local Rule 7-3

Pursuant to Local Rule 7-3, "[I]n all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.

As required under Local Rule 7-3, both Parties engaged in a good faith meet and confer pertaining to the substance of Plaintiff's contemplated Motion to Remand and any potential resolution. For instance, on April 8, 2024, Plaintiff's counsel emailed Defendant's counsel for availability to meet and confer regarding Plaintiff's intention of filing a Motion to Remand. (KJ Decl. ¶ 9; Ex. 5).

On May 8, 2024, Plaintiff's counsel further met and conferred pertaining to Plaintiff's intention of filing a Motion to Remand on the grounds that Defendant failed to timely file a Notice of Removal. Despite such efforts, the Parties were unable



QUILL & ARROW • LLP
ATTORNEYS AT LAW

to reach a resolution since Defendant was unwilling to stipulate to remand the case to State Court. As such, this Motion to Remand is made following the good faith meet and confer effort of counsel pursuant to Local Rule 7-3 which took place on May 8, 2024. (KJ Decl. ¶ 10).

**B. Defendant's Procedurally Defunct Notice of Removal Mandates Remand to State Court**

It is well-settled law that a failure to comply with Section 1446(b)(a)'s thirty-day (30) limitation renders the removal procedurally defective, for which when a timely raised objection by plaintiff, mandates remand. See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1192 n. 1 (9th Cir.1988); 28 U.SC. § 1447 et seq.; *see also Maniar v. F.D.I.C.*, 979 F.2d 782 (9th Cir. 1992) ("*Maniar*"). Moreover, when there is more than one defendant named in the action, all defendants must unanimously consent to the removal. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986). While district courts may remand an action for lack of subject matter jurisdiction at any time before a final judgment, the Ninth Circuit has distinguished between jurisdictional and procedural defects, holding that the latter does not confer discretion to remand *sua sponte*. *See Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190 (9th Cir. 2003); *see also Maniar*, at 785).

Here, Defendant's procedurally defunct Notice of Removal is much more straightforward, as none of the limitations identified by the controlling authorities are applicable. First, there is a single Defendant and thus the rule of unanimity is not implicated. Second, by virtue of this timely filed Motion to Remand, as discussed *infra*, Plaintiff has timely raised their objection to Defendant's procedurally defective Notice of Removal. As such, this Court does not face the dilemma of being unable to address the procedural defect – the untimeliness of Defendant's removal – *sua sponte*.

After *filing its Notice of Removal Twenty-Six (26) days untimely* Defendant is now attempting to persuade the Court that the removal was timely on the basis that Defendant did not conduct an investigation pertaining to the removability of this matter. Ironically, Defendant's Notice of Removal fails to mention that their





QUILL & ARROW • LLP ATTORNEYS AT LAW

failure or refusal to investigate the removability of this matter was *caused by their own lack of diligence*, since Defendant had been in possession of sufficient information to plausibly allege satisfaction of the jurisdictional threshold, and overall removability of the action. As such, Defendant's Notice of Removal has improperly attempted to take advantage of 28 U.S.C. § 1446(b)(1) by contending that their lack of diligence and investigation in this matter should be rewarded by the Court and permit the matter to be removed to the United States District Court for the Central District of California.

Thus, the removability of the instant action, in particular the amount in controversy and the diversity of citizenship, was easily ascertainable upon service of the Complaint and Summons. *Id*. As district courts are required to accept in good faith a removing party's plausible allegations concerning the satisfaction of the amount in controversy requirement, *Defendant's decision to ignore the thirty-day (30) removal window renders its 26-day late Notice of Removal*, procedurally defective.

Accordingly, pursuant to 28 U.S.C. § 1447(c), this Court is required to remand the instant action back to state court.

### C. Plaintiff's Motion To Remand Is Timely

If at any time before final judgment, it appears that a district court lacks subject matter jurisdiction, the court may remand the case to state court, either *sua sponte*, on the motion of a party. *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir.1992); *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir.1990). Dispositively, a district court must remand a case when Plaintiff timely moves the Court for an order remanding the action on the grounds of a procedural defect in the removal. 28 U.S.C. § 1447(c) (a motion to remand must be made within thirty days (30) following the filing of the notice of removal; see *Maniar*, supra, at 785; see also *Buchner*, *supra*, at 820.

As established above, Defendant filed its Notice of Removal on April 8, 2024, ***26 days after the March 13, 2024***, deadline to remove had run, and this Court need not



QUILL & ARROW • LLP ATTORNEYS AT LAW

address nor determine whether it has Subject Matter Jurisdiction over the action. Thus, Plaintiff has timely filed this Motion since Plaintiff's deadline to file a Motion to Remand is May 8, 2024. Therefore, the Court must remand this action to the Los Angeles County Superior Court where it rightfully belongs.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court remand this action to Los Angeles County Superior Court on the basis that Defendant's Notice of Removal is procedurally defective as it failed to timely file its Notice of Removal within the statutory deadline. Accordingly, Plaintiff respectfully requests that this Court remand the action to state court where it rightfully belongs.

Dated: May 8, 2024

Respectfully submitted,
**QUILL & ARROW, LLP**

*/s/Kevin Y. Jacobson*
Kevin Y. Jacobson, Esq.
Joshua Kohanoff, Esq.
Attorneys for Plaintiff,
**LUIS F. AMARAL RANGEL**