Matthew C. Wolf (SBN 223051)
Lauren VanDenburg (SBN 299957)
Liana Wong (SBN 347015)
TURNER HENNINGSEN WOLF & VANDENBURG LLP
707 Wilshire Blvd., Suite 3700
Los Angeles, 90017
Tel: 323-653-3900
Fax: 323-653-3021
mwolf@thwvlaw.com;
lvandenburg@thwvlaw.com;
lwong@thwvlaw.com

Attorneys for Defendant,
JAGUAR LAND ROVER NORTH AMERICA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS F. AMARAL RANGEL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.: 2:24-cv-02827-MRA-PD<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION

Plaintiff Luis F. Amaral Rangel (collectively, "Plaintiff") does not dispute that this Court has subject matter jurisdiction over this matter, because there is complete diversity between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000). Instead, Plaintiff asks that this Court remand this action to state court on the sole basis that the Notice of Removal filed by Defendant Jaguar Land Rover North America LLC ("Defendant" or "JLRNA") was purportedly filed after the deadline set forth in 28 U.S.C. §1446(b). Plaintiff's Motion should be denied, because Defendant's Notice of Removal was timely, as it was filed within thirty days of Defendant first receiving information sufficient to determine the amount in controversy.

Plaintiff does not dispute that Defendant's Notice of Remand was filed within thirty (30) days of Defendant first receiving the sales agreement for the Subject Vehicle. Plaintiff contends, without explanation, that Defendant could have plausibly concluded that the amount in controversy in this action exceeds $75,000 without first obtaining a copy of the sales agreement. Plaintiff also suggests, without basis, that Defendant was not diligent in obtaining a copy of the sales agreement. Plaintiff fails to provide any description as to how Defendant was dilatory in obtaining this information.

Plaintiff's Complaint does not allege a specific monetary relief figure. Prior to receiving the sale agreement, Defendant lacked sufficient information to plausibly allege facts relating to Plaintiffs' purchase price of the Subject Vehicle or Plaintiffs' payment terms for the Subject Vehicle. Absent this information, Defendant would be speculating as to the amount at issue. Defendant would have no basis for alleging how much the dealer charged Plaintiffs for the Vehicle, how much Plaintiffs have already paid towards the Subject Vehicle, or Plaintiffs' financing terms, all of which are necessary to understand the potential scope of Plaintiffs' claims for damages and civil penalties.

The Ninth Circuit has held that 28 U.S.C. §1446(b)(3) specifically provides for this very situation, where a Complaint is silent about the amount at issue and

Defendant only later obtains information sufficient to establish the removability of the action. Defendant took reasonably diligent steps to obtain a copy of the sales agreement from the dealership. Defendant timely filed its notice of removal after determining that there was a plausible basis for alleging that the amount in controversy exceeds $75,000. The Motion to Remand should therefore be denied.

## II. BACKGROUND

On February 9, 2024 Plaintiff filed this lawsuit in the Superior Court of the State of California, County of Los Angeles, Case No. 24TRCV00475 and entitled *Luis F. Amaral Rangel v. Jaguar Land Rover North America, LLC*. Defendant was served on February 12, 2024. The Complaint alleges causes of action relating to the July 8, 2022 purchase of a 2019 Land Rover Range Rover Velar. The Complaint alleges three causes of action against JLRNA, including under the Song-Beverly Consumer Warranty Act.

The Complaint is devoid of any detail regarding the amount in controversy. The Complaint does not attach the Sale Contract for the Vehicle. The Complaint only provides the category of damages Plaintiff seeks without providing any detail as to the amount sought, including:

- Reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.
- Incidental, consequential, and general damages
- A sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.
- A civil penalty of up to two times the amount of actual damages
- Replacement or reimbursement
- Rescission of the contract pursuant to Civil Code section
- “Cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, et seq.

*See* Complaint ¶¶30-33, 42-46, 54-60, Prayer for Relief.

On March 7, 2024, Defendant received a copy of Plaintiffs' Sales Contract for the Subject Vehicle from the dealership in response to Defendant's subpoena. ECF No. 1 at Declaration of Matthew Wolf, ¶5. JLRNA filed its Notice of Removal on April 8, 2024. ECF No. 1. The Notice of Removal was filed within 30 days of the first time JLRNA received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b). Specifically, the Notice of Removal was filed within 30 days of Defendant first receiving a copy of Plaintiff's sales agreement for the purchase of the Vehicle on April 8, 2024.[1] ECF No. 1 at Declaration of Matthew Wolf, ¶5. From that sales agreement, Defendant learned for the first time that (1) the total sale price for the vehicle was $85,813.75 and (2) Plaintiffs had been paying $1,098.75 per month. *Id.* at Ex. 3. Plaintiffs do not dispute that Defendant first obtained this information on March 7, 2024 or that Defendant filed the Notice of Removal within 30 days of first receiving this information.

The Notice of Removal explained that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the action is one which may be removed to this Court by JLRNA pursuant to 28 U.S.C. § 1441(a) because it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *Id.* Plaintiffs do not dispute the grounds for removal.

## III. LEGAL STANDARD

28 U.S.C. §1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper from which it may first be ascertained that the case is one which is or has become removable**." 28 U.S.C. §1446(b)(3) (emphasis added). The time to remove after receipt of another paper under 28 U.S.C.

[1] April 6 and 7, 2024 are Saturday and Sunday. April 8, 2024 was therefore timely under Rule 6(a)(2)(C).

§1446(b)(3) starts when "a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boening Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) (citing *Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 75 (1st Cir. 2014) and *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam)).

The "thirty day time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (internal quotation marks omitted). Other courts agree that the thirty-day clock for removal does not begin when a complaint lacks any detail as to the amount in controversy. *See Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 939 (N.D. Cal. 2012) ("Here, the complaint does not provide any explicit statement regarding the amount in controversy. The fact that the amount in controversy exceeds $75,000 did not become apparent until the June 6, 2012 settlement letter…By filing the notice of removal within 30 days of the letter, defendants' removal was timely."); *Svoboda v. Deutsche Bank Secs., Inc.*, 2010 WL 3077101, *4–5 (N.D.Cal. Aug. 6, 2010) (Spero, M.J.) (holding that even where plaintiff had offered a $600,000 settlement prior to filing a complaint without an explicit amount in controversy, the 30–day clock did not begin until plaintiff claimed $900,000 in damages four months later in discovery); *Wopshall v. Travelers Home & Marine Ins. Co.*, 369 F. Supp. 3d 1283, 1290 (S.D. Fla. 2019) (holding that even when defendant offered $100,000 to settle the case, the 30-day clock did not begin until plaintiff alleged that $100,000 offer in an amended pleading).

## IV. ARGUMENT

Plaintiffs incorrectly apply the Supreme Court's holding in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) to the determination of when Defendant was first able to ascertain that the case was removable. That evidentiary submissions are not required to be included in a Notice of Removal does not mean that Defendant could file its Notice of Removal without an evidentiary basis. Plaintiffs ignore entirely the Ninth Circuit precedent of *Dietrich* and *Harris*

that governs the triggering of the 30-day deadline under §1446(b)(3).

Here, as in *Dietrich* and *Harris*, the removability of this action could not be determined from the face of the Complaint. The Complaint does not specify an amount in controversy. The Complaint also does not provide any information regarding the Subject Vehicle's sales price or Plaintiffs' payments for the Subject Vehicle. This information is necessary to determine the amount in controversy resulting from Plaintiffs' claims for reimbursement of the price paid, incidental and consequential damages, Plaintiff's costs and expenses, or civil penalties, which are based on Plaintiff's actual damages.

Defendant did not have information sufficient to determine the amount in controversy until Defendant received the sale agreement for the Subject Vehicle on March 7, 2024. Plaintiff concede that Defendant filed its Notice of Removal within thirty days of receiving the sales agreement. Because receiving the sales agreement was an "other paper from which" Defendant could "first…ascertain[] that the case is one which is…removable," Defendant's Notice of Removal was timely under 28 U.S.C. §1446(b)(3). *Harris*, 425 F.3d at 690–91; *Ackerberg*, 887 F. Supp. 2d at 939; *Svoboda*, 2010 WL 3077101, *4–5; *Wopshall*, 369 F. Supp. 3d at 1290. Plaintiffs' Motion to Remand should therefore be denied.

## V. CONCLUSION

Defendant filed its Notice of Removal within 30 days of first receiving information sufficient to plausibly allege that the amount in controversy in this action exceeds $75,000. Accordingly, the Notice of Removal was timely and Plaintiffs' Motion to Remand should be denied.

Dated: June 7, 2024

TURNER HENNINGSEN WOLF & VANDENBURG LLP

*Matthew Wolf*

Matthew C. Wolf, Esq.
Attorneys for Defendant,
JAGUAR LAND ROVER NORTH AMERICA, LLC