UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-02827-MRA-PD | Date | November 22, 2024 |
|---|---|---|---|
| Title | Luis F. Amaral Rangel v. Jaguar Land Rover North America LLC ,et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING MOTION TO REMAND [ECF 10]**

Before the Court is Plaintiff's Motion to Remand Case.  ECF 10.  The Court read and considered the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15.  The hearing was therefore vacated and removed from the Court's calendar.  For the reasons stated herein, the Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiff Luis F. Amaral Rangel brings suit against Defendant Jaguar Land Rover North America, LLC, a Delaware limited liability company operating and doing business in California, to recover damages for a defective vehicle.  ECF 1-1, ¶¶ 2-3.

On July 8, 2022, Plaintiff purchased a 2019 Land Rover Range Rover Velar (the "Subject Vehicle") from Land Rover South Bay, one of Defendant's authorized dealerships.  *Id.* ¶¶ 8, 35; ECF 1 at 7 ¶ 5.  Plaintiff purchased the Subject Vehicle as a certified pre-owned vehicle, as defined by California Civil Code section 1793.22(e)(2).  *Id.*  Defendant issued a written warranty for the Subject Vehicle.  *Id.* ¶¶ 8-9.  Plaintiff alleges that the Subject Vehicle was delivered to Plaintiff with serious defects and subsequently developed steering, engine, structural, emission, electrical system, and other defects.  *Id.* ¶ 10.  In April, November, and December 2023, Plaintiff presented the Subject Vehicle to Defendant for various repairs.  *Id.* ¶¶ 11-13.

Based on the foregoing, on February 9, 2024, Plaintiff filed this case in Los Angeles County Superior Court, alleging various violations of California's Song-Beverly Consumer Warranty Act.  Cal. Civ. Code §§ 1790, *et seq.*; ECF 1-1 at 15-16, 19-60.  Plaintiff seeks general, special, and actual damages according to proof at trial; rescission of the purchase contract and restitution of all monies expended; diminution of value; incidental and consequential damages according to proof at trial; civil penalty in the amount of two times Plaintiff's actual damages;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-02827-MRA-PD | Date | November 22, 2024 |
|---|---|---|---|
| Title | Luis F. Amaral Rangel v. Jaguar Land Rover North America LLC ,et al. | | |

prejudgment interest; and reasonable attorney's fees and costs.  *Id.* at 23.

On February 12, 2024, Defendant was served with the Complaint.  ECF 1 ¶ 2.  On March 13, 2024, Defendant filed its Answer to the Complaint.  *Id.*  On April 8, 2024, Defendant removed this case to federal court based on diversity jurisdiction.  ECF 1.  Defendant asserts that it removed this matter within 30 days of receiving a copy of the Purchase Agreement for the Subject Vehicle, through which it first learned that the amount in controversy exceeded $75,000.  *Id.* ¶ 7; 28 U.S.C. § 1441(a).  In response to Defendant's subpoena, on March 7, 2024, Defendant first received a copy of the Agreement, when Plaintiff received it from the Land Rover South Bay dealership.  ECF 1 at 7 ¶ 5 (Declaration of Matthew Wolf); ECF 1-1 ¶ 35.  Because Plaintiff's Complaint did not specify the purchase price or an amount in controversy, Defendant asserts that it did not have sufficient information to remove the case prior to receiving the Agreement.  *Id.* ¶¶ 15, 35.  The Agreement shows that Plaintiff's total payment for the vehicle was $85,813.75.  ECF 1-1 ¶ 14.  Therefore, Defendant argues that "Plaintiff's claims for compensatory damages and attorneys' fees cause[] the amount in controversy to exceed [] $75,000[.]"  *Id.*

On May 8, 2024, Plaintiff filed a Motion to Remand this matter to Los Angeles County Superior Court, solely on the ground that Defendant's Notice of Removal was untimely and thus procedurally defective.  ECF 10.

## II.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Indeed, removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *Id.* § 1447(c).

The removing defendant bears the burden of establishing that removal is proper.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  A removal's propriety "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion."  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).  Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart*, 592 F.2d at 1064); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02827-MRA-PD | Date | November 22, 2024 |
|---|---|---|---|
| Title | Luis F. Amaral Rangel v. Jaguar Land Rover North America LLC ,et al. | | |

A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1). "[A] notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014)). But "evidence showing the amount in controversy is required . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (quotation marks and citation omitted). "A court cannot base a finding of jurisdiction on a defendant's speculation and conjecture; '[r]ather, [the] defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.'" *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981 MMM (PLAx), 2014 WL 5514142, at *8 (C.D. Cal. Oct. 31, 2014) (alterations in original) (quoting *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014)).

## III. DISCUSSION

### A. Timeliness of Removal

Plaintiff argues that, because Defendant removed the case more than 30 days after it was served with the Summons and Complaint, Defendant's removal is untimely under 28 U.S.C. § 1446(b)(1). ECF 10 at 6. According to Plaintiff, Defendant could have investigated, but did not investigate, removability due to its own lack of diligence. *Id.* at 6-7. Defendant disagrees, arguing that its Notice of Removal was timely because it was filed within 30 days of Defendant receiving the Purchase Agreement, which contained the information it needed to determine the amount in controversy in this matter. ECF 13 at 2. It is undisputed that Plaintiff's Complaint did not include any details about the amount in controversy; therefore, Defendant argues that the clock for removal did not start to run until Defendant received the Purchase Agreement. *Id.* at 6.

With respect to the timing of removal, "[t]here are two different potential . . . deadlines." *Isabelle Franklin, et al. v. Healthsource Glob. Staffing, Inc., et al.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024). The first potential deadline is triggered if an initial pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Case. Co.*, 425 F.3d 689, 691 (9th Cir. 2005); *see also* 28 U.S.C. § 1446(b)(1). "If an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered." *Avina v. Ford Motor Co.*, No. CV 23-10573-PA-E, 2024 WL 688664, at *2 (C.D. Cal. Feb. 20, 2024). The second potential deadline for removal is triggered after "the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02827-MRA-PD | Date | November 22, 2024 |
|---|---|---|---|
| Title | Luis F. Amaral Rangel v. Jaguar Land Rover North America LLC ,et al. | | |

F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). The clock for the second removal deadline begins running upon "defendant's receipt of a document from the plaintiff or the state court—not by any action of defendant." *Solis v. Nissan North Am.*, No. CV 24-00728-MWF (Ex), 2024 WL 1311275, at *2 (C.D. Cal. Mar. 27, 2024) (quoting *Franklin*, 2024 WL 1055996, at *2).

Beyond those two deadlines, a defendant may remove a case where it "could have ventured beyond the pleadings to demonstrate removability *initially*[.]" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) (internal quotation marks omitted). However, it is not "*obligated* to do so." *Id.* In *Kuxhausen*, the Ninth Circuit explained that a defendant is not obligated to "look[] in its files within the first thirty days" after a case is filed to determine removability because the court preferred a "clear rule" and was "unwilling to embroil the courts in inquiries 'into the subjective knowledge of [a] defendant[.]'" *Id.* at 1141 (quoting *Harris*, 425 F.3d at 696). Therefore, the court "decline[d] to hold that materials outside the complaint start the thirty-day clock." *Id.* (holding that defendant BMW was "not obligated to supply information"—in that case, business records identifying a "representative valuation" of the vehicles at issue—"which [plaintiff] had omitted [from the complaint]").

Here, too, the Court finds that Defendant was not required to search through its records to find what Plaintiff had not provided in the Complaint. *See Kuxhausen*, 707 F.3d 1141. It is undisputed that Plaintiff's Complaint did not contain allegations that facially demonstrated the amount in controversy or the Subject Vehicle's purchase price. *See* ECF 1-1. As such, Plaintiff "le[ft] the window for removal open." *Kuxhausen*, 707 F.3d at 1139 (requiring plaintiffs to "assume the costs associated with their own indeterminate pleadings[.]"). Defendant first received a copy of the Purchase Agreement on March 7, 2024, when Plaintiff received the Agreement from Land Rover South Bay, the authorized dealership that sold Plaintiff the Subject Vehicle. ECF 1 at 7 ¶ 5 (Declaration of Matthew Wolf); ECF 1-1 ¶ 35. Based on this document, the deadline for removal would have been April 6, 2024. 28 U.S.C. § 1446. However, because April 6, 2024, was a Saturday, Defendant's April 8, 2024, Notice of Removal filed the Monday after the 30-day deadline was timely. *See* Fed. R. Civ. P. 6(a) (If a deadline falls "on Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."). The Court denies the Motion on this basis.

    **B.**    **Amount in Controversy**

Plaintiff argues for the first time in his reply brief that Defendant separately failed to meet the amount-in-controversy requirement. ECF 16 at 6. Plaintiff contends that the sale price in the Purchase Agreement ($85,813.75) is insufficient to meet the requirement because Defendant failed to consider the statutorily prescribed mileage offset and other offsets in actual damage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-02827-MRA-PD | Date | November 22, 2024 |
|---|---|---|---|
| Title | Luis F. Amaral Rangel v. Jaguar Land Rover North America LLC ,et al. | | |

calculations and manufacturer rebates. *Id.* at 7. Moreover, Plaintiff argues that civil penalties cannot support the amount-in-controversy requirement because Defendant makes no showing as to the possibility of civil damages, which here may be no greater than twice the amount of actual damages and are awarded only if Defendant's violations were willful. *Id.* (citing Cal. Civ. Code § 1794(c)). *Id.*

As an initial matter, Plaintiff may not raise a new argument for the first time in a reply brief—the universe of the reply brief is confined to issues and facts raised in the initial motion and those that are responsive to legal arguments and facts raised in the response in opposition. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1176 & n.4 (9th Cir. 1995) (issues not raised in opening brief may not be properly raised in reply); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)).

Nevertheless, the Court finds that Defendant has met the amount-in-controversy requirement by a preponderance of the evidence.[1] *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). The Purchase Agreement shows that the Subject Vehicle was purchased for $85,813.75. ECF 1-1 ¶ 14. It is undisputed that Plaintiff seeks damages (based on the cost of the vehicle), civil penalties, and attorney's fees and costs. In determining the amount in controversy, the Court considers the "maximum recovery" that Plaintiff can reasonably recover in this action. *Arias*, 936 F.3d at 927. It does not require Defendant to prove up its own liability for damages or civil penalties. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) ("[T]he amount in controversy represents only the 'amount at stake in the underlying litigation,' not the likely liability."); *Selinger v. Ford Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *9 (C.D. Cal. Apr. 5, 2023) (reasoning that requiring a defendant to provide evidence that civil penalties will be awarded "would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in

---

[1] In assessing the amount in controversy, a court "may consider [the] allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)). "[A] party's allegations in its opposition to a motion to remand are [also] considered amendments to its notice of removal." *Selinger v. Ford Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *5 (C.D. Cal. Apr. 5, 2023) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002). Because Plaintiff did not raise its amount-in-controversy argument until the reply brief, Defendant did not have an opportunity to submit any counterarguments, evidence, or calculations. Therefore, the Court considers only the information provided in Defendant's Notice of Removal. ECF 1-3 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02827-MRA-PD | Date | November 22, 2024 |
|---|---|---|---|
| Title | Luis F. Amaral Rangel v. Jaguar Land Rover North America LLC ,et al. | | |

controversy"); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872 (S.D. Cal. 2021) (finding same); *Treauhaf v. Mercedes-Benz USA, LLC*, No. 2:20-cv-11155-SVW-GJS, 2021 WL 2864877, at *2 (C.D. Cal. July 6, 2021) (same); *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB (JCx), 2021 WL 2285102, at *2-3 (C.D. Cal. June 4, 2021) (same).   Nor must Defendant account for potential "mileage offsets" that might apply to reduce damages.  *See Selinger*, 2023 WL 281351, at *7 (finding that Ninth Circuit caselaw weighs against requiring the removing defendant to present evidence regarding the mileage offset to establish the amount in controversy for claims under the Song-Beverly Act).

Based on the price of the Subject Vehicle listed in the Purchase Agreement and the additional requested civil penalties, the Court finds that Defendant has shown by a preponderance of the evidence that the amount-in-controversy requirement has been met.

**IV.   CONCLUSION**

For the foregoing reasons, the Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

|  | - | : | - |
|---|---|---|---|
| Initials of Deputy Clerk | gga | | |